UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

JOHN JAMISON,

                                          Plaintiff,                  9:03-CV-913
                                                                       (FJS/DRH)

                                    v.

MR. HAYDEN, Psychologist, Clinton Correctional Facility;
MR. BUSHI, Correctional Counselor, Clinton Correctional
Facility; BROWN, Capt. of Security, Clinton Correctional
Facility; PLANTO, CO, Sergeant for Security, Clinton
Correctional Facility; TURNER, Ms., Assistant Deputy of
Programs, Clinton Correctional Facility; ZINNERMAN, Mr.,
Correctional Counselor, Attica Correctional Facility; THORN,
MR., Correctional Counselor, Elmira Correctional Facility;
CERIO, Mr., Deputy Superintendent of Programs, Elmira
Correctional Facility,

                                          Defendants.

---

**APPEARANCES**                                                      **OF COUNSEL**

**JOHN JAMISON**
**95-A-3933**
Attica Correctional Facility
Box 149
Attica, New York 14011
Plaintiff *pro se*

**OFFICE OF THE NEW YORK**                          **STEVEN H. SCHWARTZ, AAG**
**STATE ATTORNEY GENERAL**                           **MICHAEL G. MCCARTIN, AAG**
The Capitol
Albany, New York 12224-0341
Attorneys for Defendants

**SCULLIN, Senior Judge**

## ORDER

      In a Report-Recommendation and Order dated August 7, 2007, Magistrate Judge Homer

recommended that this Court grant Defendants' motion for summary judgment.  *See* Dkt. No. 77.  Plaintiff filed objections to this recommendation.  *See* Dkt. No. 79.

In his objections, Plaintiff raises many of the same arguments that he did in opposition to Defendants' motion for summary judgment.  In addition, to support his claim that Defendants violated his right to equal protection, he lists the names of four inmates, who were transferred under various circumstances; however, he does not indicate how those inmates are similarly situated to him or how Defendants' treatment of those inmates demonstrates that Defendants violated his rights to equal protection.  Finally, although Plaintiff continues to assert that Defendants placed him in imminent danger when they moved him from one facility to another and did not immediately grant his request to be placed in voluntary protective custody, he does not assert that he suffered any physical injury as a result of Defendants' actions.

The Court has reviewed the file in its entirety and finds that Plaintiff has not come forward with any evidence to show that there is a genuine issue for trial with respect to any of his claims that Defendants violated his constitutional rights.  Therefore, the Court hereby

**ORDERS** that Magistrate Judge Homer's August 7, 2007 Report-Recommendation and Order is **ADOPTED IN ITS ENTIRETY for the reasons stated therein**; and the Court further

**ORDERS** that Defendants' motion for summary judgment is **GRANTED**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in favor of Defendants and close this case.

**IT IS SO ORDERED.**

Dated: March 29, 2008
       Syracuse, New York

                                      _____
                                      Frederick J. Scullin, Jr.
                                      Senior United States District Court Judge